IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONALD GENE BLANTON, 1307891, )
       Petitioner, )
)
v. ) No. 3:08-CV-1081-O
)
RICK THALER, )
Director TDCJ-CID, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for possession of cocaine. *State of Texas v. Donald Gene Blanton*, No. 23078-86 (86th Dist. Ct., Kaufman County, Tex., June 29, 2005). Petitioner was sentenced to twenty years confinement.[1]

On July 21, 2006, the Fifth District Court of Appeals affirmed the conviction. *Blanton v. State*, No. 05-05-1060-CR (Tex. App. – Dallas, July 21, 2006). On March 21, 2007, the Court of Criminal Appeals denied Petitioner's petition for discretionary review.

---

[1] At the same trial, Petitioner was convicted of tampering with physical evidence in cause number 23592-86 and sentenced to life imprisonment. He filed a separate federal habeas petition challenging that conviction. *Blanton v. Quarterman*, 3:08-CV-941-B (N.D. Tex.). The district court denied the petition on the merits.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -1-

On February 28, 2008, Petitioner filed a state habeas petition. *Ex parte Blanton*, No. 57,250-03. On April 23, 2008, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On June 17, 2008, Petitioner filed the instant § 2254 petition. He argues:

1. He was denied the effective assistance of "standby/hybrid counsel";

2. His trial counsel had a conflict of interest;

3. He was denied due process in his state habeas application;

4. He was denied due process during pre-trial, trial and appeal;

5. He received ineffective assistance of counsel on direct appeal and on his motion for new trial;

6. He did not knowing and intentionally waive counsel;

7. Evidence was obtained by an unlawful search and seizure; and

8. The evidence was legally and factually insufficient to sustain the conviction.

(Pet at 7-19; Reply at 4.)

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> The charges arose after Mabank police officer Joshua Jennings signaled Blanton to stop for a traffic violation. During the approximate 250 feet Blanton traveled before stopping, Jennings observed Blanton throw two plastic "baggies" from his car window. The bags were later retrieved and, although ripped with some of the contents spilling out on the street and unrecoverable, they contained a measurable amount of what appeared to be crack cocaine and marijuana.

*Blanton v. Texas*, Nos. 05-05-0160-CR and 05-05-0161-CR (Tex. App. – Dallas, July 21, 2006) at 1-2.

### III. Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Ineffective Assistance of Counsel**

Petitioner argues he did not knowingly and voluntarily waive his right to counsel and that his appointed counsel, who acted as stand-by counsel, was ineffective and had a conflict of

interest.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). For a defendant to represent himself, he must "knowingly and intelligently" forgo counsel, and the request must be "clear and unequivocal." *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982). The defendant "should be made aware of the dangers and disadvantages of self-representations, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). There is no "sacrosanct litany" for warning defendants against waiving the right to counsel. *United States v. Davis*, 269 F.3d 514, 519 (5th Cir. 2001). Instead, courts must use their discretion in determining the precise nature of the warning depending on the circumstances of the particular case. *Id*.

In this case, the record shows Petitioner knowingly and voluntarily waived his right to counsel and that defense counsel was appointed only as stand-by counsel.

During the pre-trial hearing, Petitioner stated to the court:

I would like to ask the court for withdrawal of counsel due to the fact that the counsel is not representing me correctly. She has been ineffective. . . . .

(Trial Tr. Vol. 2 at 4.)

Petitioner requested that he be appointed new counsel. The court denied the request, but informed Petitioner he could hire an attorney of his choice. (*Id*. at 3-4.)

On the day of trial, appointed counsel informed the court that Petitioner requested the right to represent himself at trial and requested that defense counsel be present in an advisory

role. (Trial Tr. Vol. 4 at 4.) The court stated:

> All right. Mr. Blanton, let me tell you that I'm going to instruct Ms. Beesley not to do anything that – unless you specifically ask her to.
>
> I will tell you that we have a Texas Penal Code, which is this book, we have the Rules of Criminal Procedure, this book, we have the Texas Rules of Evidence, which is this book, and you're bound by them just as an attorney would be. It isn't a matter that they're applicable only if you have an attorney, they're applicable even if you don't. You're going to be bound to follow these variety of rules as anybody else would.
>
> * * *
>
> A lot of people think they can watch a couple of TV shows and they can be their own attorney. It's about like watching a couple of medical shows and thinking they can do a heart transplant. Doesn't work that way. But you do have a right to represent yourself. It's not advisable.
>
> I also tell you I – the advice I'm giving you now, you should listen to your attorney, but once the case – once we get into the case with the jury here, I can't advise or help you. And if you get to the point where you don't know what to do next and you're saying, well, Judge, what can I do, I can't help you. All right?

(Trial Tr. Vol. 4 at 4-5.)

The court also instructed Petitioner that if he started to question a witness and had problems, he could not ask standby counsel to take over. (*Id*. at 6-7.) Additionally, when the prosecutor stated he would not seek to take advantage of Petitioner's lack of legal knowledge, the court told Petitioner, "[I]n spite of what [the prosecutor] has just said, assume that the state will take advantage of every misstep you make." (*Id*. at 7.)

The Court finds Petitioner was clearly and sufficiently admonished regarding his right to represent himself. After these admonishments, Petitioner chose to knowingly and voluntarily give up his right to counsel.

Since Petitioner waived his right to counsel, he cannot argue that standby counsel was ineffective. There is no federal constitutional right to hybrid representation where a defendant

shares the duties of conducting his defense with a lawyer. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the court may appoint standby counsel to assist a *pro se* defendant, there is no constitutional right to the effective assistance of such counsel. *See, Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006); *United States v. Schmidt*, 105 F.3d 82, 90 (2d. Cir. 1997). As the Second Circuit observed in *Schmidt*:

> As might be expected, a standby counsel's duties are considerably more limited than the obligations of retained or appointed counsel. Although [standby counsel's] role expanded as the case continued, he did not play the same role that defense counsel normally would in preparing the strategy for a criminal defense. Perhaps in a case where standby counsel held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings, we would consider a claim of ineffective assistance of standby counsel. This is not such [a] case. Because [defendant] proceeded *pro se*, she may not now assign blame for her conviction to standby counsel.

*Schmidt*, 105 F.3d at 90 (internal citations omitted).

In this case, Petitioner argues his counsel was not "standby counsel" but "hybrid counsel" and that, as such, she was considered his counsel for the case. The Court finds, however, that Petitioner waived his right to counsel and chose to represent himself. During the trial, Petitioner gave his own opening statement and cross-examined all but one of the state's witnesses. His standby counsel picked the jury, cross-examined a crime lab technician, questioned the only defense witness, and handled closing arguments. While defense counsel had an active, although limited role at trial, she did not hold the title of "standby counsel" in name only. Under these circumstances, Petitioner is not entitled to relief for his ineffective assistance of counsel claims.

Petitioner's claim that defense counsel had a conflict of interest because she previously worked as a prosecutor is also without merit. Other than his conclusory assertion that defense counsel retaliated against him for rejecting the state's plea offer, Petitioner offers no explanation as to why defense counsel's previous employment created an actual conflict. Petitioner's

conclusory allegations are insufficient to state a claim for habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### 3. Appellate Counsel

Petitioner alleges his appellate counsel was ineffective for failing to raise certain claims on appeal. He states his counsel failed to raise all of the claims on appeal that he asked counsel to raise. Counsel, however, is not required "to raise very nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). To prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

In this case, appellate counsel raised four issues in seven grounds for relief: (1) the evidence was legally and factually insufficient to support the conviction; (2) the trial court erred in denying Petitioner's request for new counsel; (3) Petitioner did not knowingly waive his right to counsel; and (4) the jury charge was defective. Although Petitioner argues that he and his attorney identified other issues for appeal, he fails to identify those errors or demonstrate that his conviction would have been reversed had counsel raised those other issues. The only ground for appeal identified with any specificity is a claim of insufficient evidence that Petitioner was in possession of the plastic bag introduced as State's Exhibit 1, which tested positive for cocaine. (Reply at 8). Appellate counsel, however, raised the insufficiency of the evidence claim on

appeal. Petitioner's claim is therefore without merit.

Petitioner also claims appellate counsel failed to "cite appropriate case law or effective arguments" in the motion for new trial. (Pet. at 15). Petitioner's claim is conclusory. He fails to state what case law or other arguments should have been cited.

**4.** **Search and Seizure**

Petitioner argues his conviction was the result of evidence seized during an illegal traffic stop. (Pet. at 17). He also argues his counsel was ineffective in failing to properly argue the motion to suppress. (Reply at 11).

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that – an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

In this case, defense counsel filed a pre-trial motion to suppress illegally seized evidence. The trial court held a hearing on the motion and denied the motion. The state court clearly

provided Petitioner with the opportunity for a full and fair hearing on his Fourth Amendment issues. This claim is therefore barred from federal habeas review.

**5.    Insufficiency of the Evidence**

Petitioner argues the evidence was insufficient to support the conviction. Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

Petitioner was charged with possession of cocaine. Under Texas law, the state was required to prove that Petitioner knowingly or intentionally possessed the cocaine. TEX. HEALTH & SAFETY Code Ann. §§ 481.115, 481.102(D)(3). To show knowing or intentional possession, the state was required to prove that Petitioner knowingly or intentionally exercised actual care, custody, control or management of the cocaine. *Id*. at § 481.002(38).

Officer Jennings testified that he conducted a traffic stop on Petitioner. (Trial Tr. Vol. 4 at 22.) He testified that shortly after he activated his patrol lights, and prior to Petitioner stopping the vehicle, he saw two bags being thrown from the driver's side of the vehicle. (*Id*. at 23-24, 27.) Officer Jennings stated he retrieved one of the bags that he saw thrown from the window and backup Officer Swearingen retrieved the second bag. (*Id* at 25-27; 33.) The bag that Officer Jennings retrieved tested positive for cocaine. (*Id*. at 110.) A police in-car video-

tape was also introduced. (State's Ex. 5.) The video-tape clearly shows that two items were thrown out the driver's side window of Petitioner's vehicle before he stopped the vehicle.

Viewing this evidence in a light most favorable to the verdict, the Court finds there was sufficient evidence for the jury to determine that Petitioner possessed the cocaine. *Garrett v. State*, 161 S.W.3d 664, 671-72 (Tex. App. – Fort Worth 2005, pet. ref'd) (finding evidence of possession was sufficient where officer testified he saw defendant throw baggies of cocaine into toilet); *Davis v. State*, 862 S.W.2d 817, 818-19 (Tex. App. – Beaumont 1993, no pet.) (finding officer's testimony that defendant threw bottle containing cocaine down during chase showed actual possession, care, custody and control). Petitioner's claim should be denied.

**6.     State Habeas**

Petitioner argues his due process rights were violated during his state habeas proceedings. He states the court did not grant him a hearing and instead considered the state's affidavit evidence which denied him the opportunity for cross-examination. Petitioner's claims regarding the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do no constitute grounds for relief in federal court"). Petitioner's claim should be denied.

**7.     Due Process**

Petitioner states he was denied due process during pre-trial, trial and on appeal. His due process claims are unclear. He appears to argue that the prosecutor was vindictive when she filed charges against him for tampering with evidence, that he received ineffective assistance of counsel, and that his counsel had a conflict in representing him. (Pet. at 7, 10-12). As discussed above, Petitioner's claims that he received ineffective assistance of counsel and that his attorney

had a conflict are without merit. Additionally, he has failed to show that his due process rights were violated when the prosecutor filed additional charges against him. Petitioner's claims should be denied.

**8. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 7th day of December, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).