IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:08-cv-01081-O |
| | § | |
| RICK THALER, DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Donald Gene Blanton, a Texas prisoner, has filed a *pro se* "Motion To Show This Court Never Properly Vested Article III United States Constitution Jurisdiction," in this closed habeas corpus case. (ECF No. 15.) The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a specific order of reference (ECF No. 16). For the reasons stated, the District Court should DENY the motion.

I.

Blanton initially filed this habeas action under 28 U.S.C. § 2254 on June 26, 2008. (ECF No. 1.) On December 7, 2010, the United States magistrate judge issued findings, conclusions, and a recommendation that Blanton's petition be denied. (ECF No. 9.) Blanton did not file objections, and on January 6, 2011, the District Court accepted the magistrate judge's findings and recommendation, denied a certificate of appealability, and entered judgment. Ord. (ECF No. 10); J. (ECF No. 11). More than ten years later—on June 17, 2021, this Court received the

1

pending motion, which consists of 23 handwritten pages and numerous exhibits. Mot. (ECF No. 15). Blanton's arguments are difficult to discern, but the Court has given his *pro se* motion a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that *pro se* pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). And liberally construing his motion, it appears Blanton is attacking the integrity of this Court's habeas proceedings. Therefore, the Court should construe the motion under Rule 60(b) of the Civil Rules of Federal Procedure.

## II.

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.* Here, Blanton filed his motion on June 14, 2021, more than ten years after the Court entered its judgment on January 6, 2011.[1] Therefore, the Court considers the motion under Rule 60(b).

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Blanton's motion is signed and dated June 14, 2021. Mot. 23 (ECF No. 15).

2

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b) motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

Here, Blanton attacks the integrity of this Court's habeas proceedings, arguing the Court lacked jurisdiction over his case. Mot. 5 (ECF No. 15). He argues that the Court merely "assumed" that it had Article III Jurisdiction over his case, but it did not. *Id.* Instead, the Court had only "hypothetical jurisdiction." *Id.* 10-11.

3

Blanton contends that the Court erred by failing to examine the basis of its jurisdiction, and because a federal court is a court of limited jurisdiction, jurisdiction is not to be expanded as it was here. *Id.* 5, 8. He concludes that when a court proceeds without first establishing the dispute falls within the province of the controversies assigned to it by the Constitution and statute, such as the Court did here, its decisions, opinions, and orders are of no legal effect. *Id.* 9-10. Because Blanton is attacking the integrity of this Court's habeas proceedings, his motion is not the equivalent of a successive petition, and the claims will be reviewed under Rule 60(b). *See Gonzalez*, 545 U.S. at 532 & n.4.

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *rec. accepted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

As an initial matter, Blanton's Rule 60(b) motion should be denied as untimely. Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, or good cause must be demonstrated for the delay.[2] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d

---

[2] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Id.*

The Court entered its judgment in this case on January 6, 2011. (ECF No. 11.) Blanton did not file an appeal. Instead, on June 14, 2021, *more than ten years later*, Blanton filed his Rule 60(b) motion. In it, he makes numerous arguments, but there is no indication any of his arguments were not known to him on January 6, 2011, when the Court entered the judgment. For instance, his repeated argument that this Court lacked jurisdiction over his case was something he knew on January 6, 2011, when judgment entered. Therefore, the Rule 60(b) motion should be denied as untimely.

Moreover, even if Blanton's motion was timely filed, it should still be denied on the merits because his arguments are meritless, and he has not shown any mistake in the judgment or any other reason to grant relief from the judgment. Blanton refers to a sanctions order entered on August 14, 2017, and he contends that it was the equivalent to "a blank sheet of paper." Mot. 13 (ECF No. 15). He further contends that the sanctions order, issued under Federal Rule of Civil Procedure 11, has "no teeth" and is also void and fraudulent. *Id.* 13, 16. Blanton claims that he is protected from sanctions under the "safe harbor provision of Rule 11," and the sanctions order failed to comply with the requirements of the safe

harbor provision. *Id.* 14-16. He also argues that this Court violated his constitutional rights under the Fourteenth Amendment by depriving him of liberty without due process of law because the Article III jurisdiction was not proper. *Id.* 4-5. Blanton contends that this Court's failure to address its jurisdiction will result in a miscarriage of justice under *Murray v. Carrier*, 477 U.S. 478, 485 (1986). *Id.* 17. Citing *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992), he claims that he is ready to appear in any court to prove he is "actually innocent" for the crime for which he was convicted. *Id.* 17-18. Blanton also seeks an order from this Court directing Judge Casey Blair, a judge in the 86th Judicial District in Kaufman County, to direct the Kaufman County District Attorney to provide him with a copy of the grand jury's indictment for the sandwich bag and rolling papers, State's Exhibit Number 4. *Id.* 18-19. He contends that if the State fails to comply with the Court's order, it "must" protect Blanton's rights by "dismissing" his state conviction or ordering an actual innocence hearing. *Id.* 19-20. Finally, Blanton argues that Wiley, the Kaufman County District Attorney, committed criminal forgery when she forged Blanton's signature on the February 27, 2019 motion. *Id.* 22. Each of these claims is frivolous and lack merit. Consequently, Blanton has failed to demonstrate there was any mistake in the judgment or any other reason to grant relief from the judgment.

## Conclusion

The Court recommends the District Court DENY Blanton's Rule 60(b) motion (ECF No. 15).

Signed October 8, 2021.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

8